**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DANIEL GEORGE GRIFFIN,

                   Plaintiff,

    v.                                    No. 05-CV-1072
                                         (TJM/DRH)

JOHN J. DONELLI. Superintendent, Bare
Hill Correctional Facility; PIPEN, Sergeant;
L. JUBBERT, Deputy Superintendent of
Security; M. WARNER, Registered Nurse,
Barehill Correctional Facility; DANIEL
BENWARE, Director of Transitional Services;
T. BRIQUER, Correctional Officer; and SGT.
GARDNER,

                   Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

DANIEL GEORGE GRIFFIN
Plaintiff Pro Se
Neighborhood Defender Service of
    Harlem
317 Lenox Avenue
10th Floor
New York, New York 10027

HON. ANDREW M. CUOMO             JEFFREY P. MANS, ESQ.
New York State Attorney General       Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

  Plaintiff pro se Daniel George Griffin ("Griffin"), formerly an inmate in the custody of the

New York State Department of Correctional Services (DOCS), brings this action pursuant to

---

     [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

42 U.S.C. § 1983 alleging that defendants, seven DOCS employees, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments during his incarceration.  Am. Compl. (Docket No. 13).  Presently pending is defendants' motion to dismiss or, in the alternative, for sanctions pursuant to Fed. R. Civ. P. 37(d) and 41(b).  Docket No. 41.  Griffin opposes the motion.  Docket No. 55.  For the following reasons, it is recommended that defendants' motion be denied without prejudice and it is ordered that monetary sanctions be imposed.

## I.  Background

Griffin commenced this action while he was incarcerated at Fishkill Correctional Facility.  Compl. (Docket No. 1) at ¶ 2.  Griffin contends that while he was incarcerated at Bare Hill Correctional Facility, his constitutional rights were violated.  Am. Comp. at ¶ 2.  Griffin claims that he was brutally assaulted by approximately ten inmates while defendants looked on.  Id. at ¶ 2 (C)(I-II, IV, V).  Additionally, Griffin alleges that the assault was conducted in retaliation for his filing a grievance.  Id. at ¶ 2 (B).  Griffin also contends that after being assaulted, the medical treatment he received was wholly inadequate.  Id. at ¶ 2 (IX-XII).  Lastly, Griffin contends that after the assault, he was issued a retaliatory, false misbehavior report and was denied due process of law during the subsequent hearing.  Id. at ¶ 2 (XIV).

On February 15, 2006, Griffin provided the Court with notice of his change of address.  Docket No. 14.  On or about December 7, 2006, Griffin became embroiled in a "newly acquired criminal matter," and was incarcerated in Allegheny County, Maryland.  Docket No. 44; Docket No. 55 at ¶ F.  On January 9, 2007, documents submitted to the Court by Griffin were rejected by an order dated January 8, 2007, because copies were not provided to

defendants.  Docket No. 26.  However, Griffin's address was updated by the Court based upon the letter which was sent.  Id.  Thereafter, mail that was addressed to Griffin's new address was returned on three occasions as undeliverable.  Docket Nos. 28; 30, 32.  Pursuant to a telephone call in March, Griffin's address was again updated and the documents which were previously returned were re-mailed to the new address.

On June 15, 2007, defendants served Griffin with a Notice of Deposition, for a deposition scheduled to occur on July 19, 2007.  Mans. Aff. (Docket No. 41, Pt. 2) at ¶ 3; Docket No. 41, Pt. 3.  Defendants mailed the notice to the initial address Griffin submitted on February 15, 2006.  Mans Aff. at ¶ 3; Docket No. 41, Pt. 3.  The day of the deposition, Griffin did not appear and did not notify defendants in writing, verbally, or otherwise that he objected to the deposition, would not appear, or was delayed in arriving.  Mans Aff. at ¶ 4.  Defendants waited for an hour and twenty minutes before terminating the deposition.  Id.; Docket No. 41, Pt. 4.  Because the deposition was cancelled, defendants incurred expenses from the court reporter in the amount of $160.88.  Mans Aff. at ¶ 5; Docket No. 41, Pt. 5.  This motion followed.  Docket No. 41.

On September 1, 2007, Griffin submitted a letter notifying the Court of his new address, requesting postponement of discovery, and reconsideration of the denial of his motion for appointment of counsel.  Docket Nos. 44, 46.  Because the letter was not served on defendants, it was stricken from the docket by an order dated September 25, 2007; however, the letter served to apprise the Court of Griffin's re-incarceration in Maryland.  Docket No. 44.   On September 28, 2007, the Court received another letter from Griffin which was again stricken by an order dated October 11, 2007, because a copy was not served on defendants.  Docket Nos. 48, 49.  The Court once again updated Griffin's

3

address based upon the information he included in the letter.  Additionally, in an order dated October 9, 2007, the Court sua sponte granted Griffin an extension of time to file his response to the instant motion to dismiss.  Docket No. 47.

The orders dated October 9th and 11th were mailed to Griffin at the Maryland address, returned, and re-mailed to the address included on the subsequent letter request submitted to the Court on September 28th and stricken on October 11th.  Docket Nos. 51, 54.  Griffin then provided the Court with a notice of change of address, effective October 15, 2007, but it was again stricken by an order dated October 18, 2007, because it was not served on defendants.  Docket Nos. 52, 53.  The Court again updated Griffin's address in November based upon the address written on the envelope containing his last correspondence with the Court.  Griffin opposes the present motion.  Docket No. 55.

## II.  Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y.L.R. 41.2 (b).  Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006).  To determine whether dismissal for failure to prosecute is appropriate, courts

4

should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

In this case, although Griffin's correspondence has not consistently conformed with the proper form as outlined in the Local Rules, Griffin has not failed to communicate with the Court.  It is the obligation of a party, not the Court, to maintain a current address to permit the orderly progression of a case. See Fenza v. Conklin, 177 F.E.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.).  Griffin has not complied with this obligation flawlessly.  However, based on his routine correspondence with the Court, a relatively up-to-date address has been provided for Griffin throughout the duration of the litigation.  Griffin has also filed a timely response to the present motion.

Additionally, defendants argue that Griffin's failure to appear at his deposition in combination with the prejudice they suffer by not being able to depose him should result in dismissal.  There is no question that correspondence sent to Griffin, both from the Court and defendants, adequately put him on notice of the consequences of his inaction.  However, there remains a question as to whether Griffin was incarcerated at the time of the deposition as he claims he "has not been at [his] designated address to acknowledge receipt of . . ." of correspondence from defendants.[2]  Docket No. 55.  Thus, there exists the

---

[2] Griffin continually references the documents included within the motion to dismiss. He does not indicate whether or not he received documentation sent to him by defendants prior to the present motion.

reasonable possibility that Griffin did not receive notice even though it was mailed to him. Additionally, by filing a response and multiple letter requests, Griffin has evidenced an intent to prosecute this action.

The need to eliminate court calendar congestion militates in favor of dismissal.   This case, which is not unduly complex, has now been pending for over twenty-eight months. The guideline for completion of cases in this district is eighteen months.  See N.D.N.Y. Gen. Order 25 (directing the timely progressing of civil actions).  This action has thus been pending for an inordinate period of time as the result of Griffin's actions and inactions.

Against this delay must be balanced the efficacy of lesser sanctions for Griffin's failure to attend his deposition.  District courts have broad discretion to enforce discovery obligations and may, in limited circumstances, "use the extreme sanction of a default judgment." United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990); Fed. R. Civ. P. 37(d). A single pretrial violation will not ordinarily result in the imposition of a sanction of such finality as dismissal.  See Aldeco, 917 F.2d at 690.[3]

Rule 37(d) specifically provides, however, that a party who fails to attend his own deposition is liable for the costs occasioned by his failure to appear.  Rule 37(d) states in relevant part:

> the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

---

[3] This rule is especially applicable where the party against which sanctions are sought is proceeding pro se.  In such cases, "[d]ismissal is appropriate only if alternative, less drastic sanctions are inappropriate, . . ., and the court has warned the pro se litigant that this sanction might result from continued misconduct." Mercado v. Division of New York State Police, 989 F.Supp. 521, 524 (S.D.N.Y. 1998) (citations omitted).

Fed. R. Civ. P. 37(d).

Weighing these factors results in the denial of defendants' motion to dismiss because, despite Griffin's failure to appear for his deposition, he has maintained contact with the Court, actively participated in motion practice, and his failure can be adequately addressed by sanctions less severe than dismissal.  Additionally, defendants are not unjustly prejudiced because they may re-notice Griffin's deposition now that they are aware of his location.

Therefore, defendants motion for dismissal should be denied.  However, defendants incurred certain costs in connection with Griffin's failure to appear for his deposition.  Those costs are solely attributable to Griffin's conduct and should be borne by him.  See Fed.R. Civ. P. 37(d) (making mandatory the imposition of such costs).  In this regard, the Court finds that an award of attorney's fees in the amount of $175.00 is appropriate, in light of counsel's experience as a litigation attorney.  See, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany, No. 03-CV-502, 2005 WL 670307, AT *6-7 (n.d.n.y. Mar. 22, 2005) (finding that up to $210 proper rate for attorney with significant experience and numerous years of practice).  Defendants are also entitled to recover the $160.88 fee charged by the stenographer.

Accordingly, Griffin is directed to pay a sanction in the amount of $ 335.88.


### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 41) be **DENIED** without prejudice; and

7

**IT IS ORDERED** that:

       1. Defendants' motion, in the alternative, for sanctions (Docket No. 41) is **GRANTED** and Griffin is order to pay $335.88 in costs and attorney's fees occasioned by his failure to appear for his deposition on July 19, 2007 ;

       2. Defendants counsel may re-notice Griffin's deposition.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).


Dated: January 22, 2008
      Albany, New York

                                 United States Magistrate Judge